KETHLEDGE, Circuit Judge,
concurring in part and concurring in the judgment.
I join all but part II.B of the Court’s thoughtful opinion. I do not join that part because I would direct the district court to make a more flexible and open-ended determination of each defendant’s share of responsibility for Vicky’s losses.
I agree with the majority that the restitution statute (18 U.S.C. § 2259) requires proof of both actual and proximate causation. As to actual causation, I agree that a defendant cannot cause losses that precede his conduct. But otherwise I think an inquiry into whether a particular defendant actually caused a victim’s generalized losses — by which I mean losses resulting from the actions of many violators of the child-pornography laws — is an inquiry into the unknowable. Casting legal questions in such terms is only a hindrance to clear thinking; and thus the choice before us is either to abandon enforcement of the statute in these cases, or to adopt a different rule of actual causation for this context. I would take the latter approach and adopt the First Circuit’s rule of aggregate causation (though only for purposes of determining actual cause). See United States v. Kearney, 672 F.3d 81, 98 (1st Cir.2012). And where that test is met, as it is here, I would simply move on to the issue of proximate causation.
Proximate cause is a flexible concept grounded in policy considerations. Congress’s inclusion of a proximate-cause requirement in § 2259 allows — indeed requires — us to apply a rule that makes practical sense in light of the statute’s text and structure as a whole. The statute’s directive that the defendant pay “the full amount of the victim’s losses[,]” § 2259(b)(1), shows that the restitution order should aim to make the victim whole with respect to her losses proximately caused by the defendant. At the same time, however, nothing in the statute appears to support multiple full recoveries for the victim. And multiple recoveries would be compelled under an approach where multiple defendants are each found to cause all of the victim’s losses, since under § 2259(b)(4)(B)(ii) a district court “may not decline to issue an order under this section because of the fact that a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source.” Moreover, I agree with the Court that a joint-and-several approach is impracticable in this context.
So I agree that some kind of apportionment approach is in order. The district court must assign to the defendant some percentage of responsibility for the victim’s generalized losses. How to determine that percentage is the nub of these cases. Again, I would not cast the issue in terms of unknowable questions about actual cause. Equally unknowable is the extent to which the victim’s generalized losses are “directly attributable” (a traditional measure of proximate cause) to a particu *557 lar defendant. Nor is the measure of “reasonable foreseeability” much of a limitation here — for every adult who watches videos of young girls being raped should reasonably foresee that he is inflicting great harm upon those victims. See United States v. Bistline, 665 F.3d 758, 766 (6th Cir.2012).
But neither would I adopt the government’s rigid approach of giving each criminal actor the same share of responsibility for the victim’s losses. Specifically, as I understand that approach, the district court would calculate the total amount of the victim’s losses, then determine the number of criminal actors who caused those losses, and then give each of those actors (including the defendant) an equal share of responsibility for them. Thus, if the victim’s losses total $1 million, and an estimated 1,000 violators of the child-pornography laws contributed to those losses, then each violator would be responsible for $1,000. This approach is more arbitrary than it needs to be: although the exact percentage of a defendant’s responsibility for the victim’s losses is unknowable, the district courts can do better than this in making distinctions among the relevant actors.
To that end, I would cast the issue in terms of the defendant’s comparative moral fault. Proximate cause is a concept flexible enough for us to put the inquiry in these terms. See Dan B. Dobbs et al., The Laiu of Torts § 185, p. 622 (2d ed. 2011) (“Scope of liability, formerly termed proximate cause, is not about causation at all but about the significance of the defendant’s conduct or the appropriate scope of liability in light of moral and policy judgments about the very particular facts of the case”). Specifically, I would ask: what is the defendant’s culpability relative to the various other actors who contributed to the victim’s harm? This determination would resemble the comparative-fault determinations that juries make every day in civil cases. The inquiry would be flexible, taking into account the likely number of criminal defendants, past and future, who contributed to the victim’s harm; whether the defendant produced or distributed images of the victim; how many images the defendant possessed; and any other fact relevant to measuring the defendant’s culpability relative to the other relevant actors. (I would limit the “relevant actors” to the anticipated number of criminal defendants who contributed to the victim’s harm, rather than to the estimated number of people in the world who did so; for using the former number retains the theoretical possibility that the various restitution awards will eventually make the victim whole.) The district court could direct the probation officer to prepare a report on all these points, and then hear testimony at an evidentiary hearing. See 18 U.S.C. § 3664(a), (d)(4). After considering all the proofs, the court would make a reasonable estimate of the defendant’s share of moral fault for the victim’s generalized losses. That share of the victim’s losses would then be the amount he proximately caused.
I see no reason for the district courts not to take these additional evidentiary steps before determining the amount of a restitution award. The text of § 3664 instead makes clear that Congress thought the courts should take them. Admittedly, even after those steps, the determination that follows will only be an estimate. But the estimate would be more informed and less arbitrary than a pro rata share would be.
In determining the amount of a restitution award under § 2259, the courts can only do their best. It seems to me that a more flexible inquiry, focused on moral fault, and using all the evidentiary tools at *558 the court’s disposal, is the way to accomplish that end.